THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GORDON TROWERS, Defendant-Appellant.

First District (3rd Division)    No. 1—89—0528

Opinion filed June 12, 1991.

---

Sam Adam, of Chicago, for appellant.

John O'Malley, State's Attorney, of Chicago (Renee Goldfarb and David R. Butzen, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Following a bench trial, defendant Gordon Trowers was found guilty of possession of controlled substance, armed violence and bribery. The trial court merged the conviction for possession of controlled substance into the armed violence conviction and sentenced defendant to serve a concurrent sentence of six years' imprisonment on the armed violence count and three years on the bribery count. On appeal defendant argues that (1) the trial court erred in finding him guilty of

the offense of armed violence; (2) the evidence presented at trial on the offense of bribery did not conform to the charging instrument; and (3) he was not proven guilty of possession of controlled substance beyond a reasonable doubt. We affirm.

The State called three witnesses to testify at trial: Chicago police officer Robert O'Neill, Detective Brad Williams, and Sergeant Carl Edenfield. On May 13, 1986, the officers were assigned to the Gang Crimes South Unit of the Chicago police department. The officers testified that at approximately 1:30 p.m. on that date, they, along with two other Chicago police officers and a Calumet Park police officer, went to 12342 South Bishop, Calumet Park, to execute a search warrant. The warrant sought an individual named Gordon who resided in the garden apartment at that address.

Williams testified that Officer O'Neill knocked on the door to the apartment with his flashlight and stated, "[O]pen the door, police, we have a search warrant." No one responded to the officer's knock, but Williams heard running and glass breaking inside of the apartment. At that point, Williams broke down the apartment door with a sledgehammer and O'Neill entered the apartment with Williams and the other officers following. When Williams entered, he observed a man, later identified as Josh Bolton, standing a few feet inside the apartment blocking the doorway. Williams also observed defendant near the rear of the living room, running toward the kitchen. Officer O'Neill pushed Bolton aside and chased defendant into the kitchen. Williams testified that he followed O'Neill and defendant into the kitchen, where he observed defendant flicking the white powdered contents of a plastic bag onto the kitchen counter, floor, and into a sink filled with dishes and water.

Williams testified that he observed defendant holding a gun in his hand. O'Neill told defendant to drop the gun. Defendant dropped the gun, and Williams recovered it from the floor. The gun was a .25 caliber automatic weapon with seven live cartridges in the clip. The gun was cocked and had a bullet in the chamber.

O'Neill handcuffed defendant. Williams observed a white powdery substance on the sink, countertop and the floor and a clear plastic bag floating in the kitchen sink. Williams removed a plastic bag from the kitchen table and filled it with white powder from the sink area and placed it in his pocket. O'Neill took a piece of aluminum foil from the kitchen table, scraped some white powder into it and gave the aluminum foil to Williams.

Williams testified that defendant was read his *Miranda* rights and shown a copy of the search warrant. Thereafter, defendant told Wil-

liams and O'Neill that there was from $500 to $700 in a shoe box in the bedroom which they could have if they just forgot about the case. Defendant motioned to the bedroom, and Williams retrieved the shoe box from underneath the bed and brought it to defendant. Williams opened the box and observed what was later determined to be $747 in cash. Defendant motioned with his head toward the box and stated, "[J]ust forget the case."

Following closing argument, defendant was found guilty of possession of controlled substance, armed violence and bribery. The trial court vacated the finding of guilty on the charge of possession of a controlled substance and merged it into the greater offense of armed violence. Thereafter, judgment was entered on the armed violence and bribery counts and defendant was sentenced to serve a concurrent sentence of six years on the armed violence count and three years for bribery. This appeal followed.

On appeal defendant first argues that the trial court erred in finding him guilty of armed violence. It is his position that the legislature did not intend the armed violence statute to apply to situations where a person is lawfully in possession of a gun in his or her own home. We disagree.

■ The armed violence statute provides that a person commits the offense when, "while armed with a dangerous weapon, he commits any felony defined by Illinois Law." (Ill. Rev. Stat. 1985, ch. 38, par. 33A–2.) A person is considered "armed with a dangerous weapon *** when he carries on or about his person or is otherwise armed" with a handgun. (Ill. Rev. Stat. 1985, ch. 38, par. 33A–1.) The mere physical presence of a weapon while a crime is being committed is sufficient to bring the defendant's acts within the proscription of the statute. (*People v. Alejos* (1983), 97 Ill. 2d 502, 508, 455 N.E.2d 48, 50; *People v. Bond* (1989), 178 Ill. App. 3d 1020, 1022, 534 N.E.2d 156, 158.) The statute was designed in part to deter the conduct of carrying a weapon while committing a felony. *Bond*, 178 Ill. App. 3d at 1022.

■ Here, the evidence indicated that defendant was armed with a handgun in the kitchen of his home, while he attempted to dispose of a controlled substance as police officers executed a search warrant on his apartment. Under these circumstances, the danger which the armed violence statute seeks to prohibit was present. This danger was not abated by the fact that defendant was inside rather than outside of his home. Defendant was armed with a dangerous weapon while committing the offense of possession of a controlled substance. We therefore conclude that the trial court did not err in finding defendant

guilty of armed violence predicated on his finding of guilty of the offense of possession of a controlled substance.

Defendant next argues that the evidence presented at trial on the offense of bribery did not conform to the allegations contained in the information charging the offense. We disagree.

A person commits bribery when:

"(a) With intent to influence the performance of any act related to the employment or function of any public officer, public employee, juror or witness, he promises or tenders to that person any property or personal advantage which he is not authorized to accept." Ill. Rev. Stat. 1985, ch. 38, par. 33—1(a).

Defendant contends that the evidence at trial was insufficient to prove beyond a reasonable doubt that he physically tendered to any police officer any of the money contained in the shoe box. However, the word "tender" as used in the statute has been held to include the mere offer or promise made with the requisite intent. The act of offering or promising the tender of a prohibited commodity or act is sufficient to constitute the completed offense of bribery. *People v. Brandstetter* (1982), 103 Ill. App. 3d 259, 269, 430 N.E.2d 731, 738-39.

Thus, the evidence in the present case that defendant directed the police to the bedroom location where there was a hidden quantity of cash, and stated to the officers that they could have the money if they would forget about the case, was sufficient to prove beyond a reasonable doubt that defendant "tendered" the money to the officers in violation of the bribery statute. We therefore conclude that the evidence introduced at trial on the offense of bribery conformed to the information charging that offense.

Finally, defendant argues that he was not proven guilty of possession of a controlled substance beyond a reasonable doubt. We disagree.

It is for the trier of fact to judge the credibility of witnesses and decide the weight to be given their testimony. (*People v. Titone* (1986), 115 Ill. 2d 413, 422, 505 N.E.2d 300, 303.) On review, the appropriate standard when a challenge to the sufficiency of the evidence is presented is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 276.

Defendant argues that the testimony of the officers should not be believed because there were discrepancies between the arresting officers' arrest report, inventory sheets and trial testimony. Specifically,

defendant argues that Williams and O'Neill both testified that Williams scooped up a white powdery substance from the side of the sink while O'Neill picked up white powder from the floor with a piece of aluminum foil. However, the police report did not indicate that white powder was recovered from the side of the kitchen sink. In addition, defendant asserts that the inventory sheets made out on that day indicate that one plastic bag and one aluminum foil packet were recovered from Josh Bolton and not defendant.

Defendant argued this position at trial and the court stated as follows:

> "I am going to believe that the police officer made a mistake on that. And I'm going to find that the defendant was the one on the scene, and he did have a plastic bag, and he was dropping some white powder either in the sink, or on the floor, or both places. I believe the evidence was completed [sic] uncontested that he was the one at the sink.
>
> * * *
>
> And they all place the defendant at the sink. They didn't place the co-arrestee at the sink, and they didn't place the co-arrestee with the plastic bag, and they didn't place the co-arestee [sic] with the gun."

■ The trial court weighed the discrepancies between the police officers' testimony and their reports, and concluded that despite some minor inconsistencies, their testimony was credible. After reviewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found defendant guilty of possession of a controlled substance beyond a reasonable doubt.

Accordingly, for all of the foregoing reasons, we affirm the judgment of the court.

Affirmed.

CERDA, P.J., and WHITE, J., concur.